UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ALEJANDRO RAMIREZ-SUAREZ**<br>**B.O.P. # 23632-111** | **DOCKET NO. 2:23-CV-00365**<br>**SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **FELIPE MARTINEZ, JR.** | **MAGISTRATE JUDGE LEBLANC** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Alejandro Ramirez-Suarez on March 17, 2023. Doc. 1. The Government filed a response to the petition (doc. 7), which is now ripe for review. Ramirez-Suarez is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

### I.
### BACKGROUND

Ramirez-Suarez has filed the instant Petition for Writ of Habeas Corpus alleging that the Bureau of Prisons ("BOP") failed to award him credits to which he is entitled under the First Step Act ("FSA"). Petitioner contends that he was denied application of time credit toward his early transfer to supervised release due to an immigration detainer. Petitioner argues that BOP policy

-1-

precluding application of FSA credits to the sentences of inmates who are subject to immigration detainers is unlawful.

Without factoring in any FSA Time Credits, petitioner's projected release date via good conduct time release is February 15, 2027. *See* doc. 7, att. 1, p.1, Declaration of Tamela Robinson. However, while in BOP custody, petitioner has earned a total of 675 FSA time credits (one credit is equivalent to one day). *See id*. at p. 6, FSA Time Credit Assessment. Petitioner is anticipated to be eligible to apply these credits to his sentence. *Id*. Of the 675 FSA time credits, the BOP has provisionally allocated the maximum authorized 365 credits to petitioner's early transfer to supervised release. *Id*. This provisional allocation has resulted in an earlier projected release date of February 15, 2026[1]. Doc. 7, att. 1, p. 1.

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits

---

[1] The government notes that BOP records indicate petitioner does *not* currently have an immigration detainer lodged against him. *See* doc. 7, att. 1, p. 7, Display Detainers screen. Even in the event petitioner becomes subject to an immigration detainer after adjudication of the instant petition, the Government represents that he will not lose eligibility to have earned FSA time credits applied to his sentence.

before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Law and Application

BOP records indicate that petitioner has earned a total of 675 FSA credits, 365 of which have been credited towards early release. This has advanced his projected release date from February 15, 2027, to February 15, 2026. Petitioner is not entitled to apply any more than 365 credits to reduce his projected release date and effectively receive an early release. Congress explicitly limited the number of credits which may be applied for this purpose:

> If the sentencing court included as a part of the sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583, the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under 3632.

18 U.S.C. § 3624(g)(3). In other words, BOP may not reduce an inmate's term of incarceration by applying FTC credits in excess of 12 months, or 365 days. For this reason, the petitioner is not entitled to any further reduction in sentence.

### III.
### CONCLUSION

For the reasons stated above, Ramirez-Suarez's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    THUS DONE AND SIGNED in chambers this 20th day of October, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE